# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Barbara Stone, Robert Sarhan, and Lesa M. Martino, <br><br> Plaintiffs, <br><br> vs. <br><br> Nelson Mullins Riley & Scarborough, LLP; James K. Lehman, William C. Hubbard, George B. Wolfe, Trey Gowdy, David Wilkins, Mark F. Raymond, Carl Rosen, Douglas E. Starcher, and C. David Brown, II, individually and in their capacities as shareholders and managing partners with Nelson Mullins Riley & Scarborough, LLP and Nelson Mullins Broad and Cassel LLP; Ronald Desantis, individually and in his capacity as Governor of the State of Florida; Ashley Moody, individually and in her capacity as Attorney General of the State of Florida; Alan Stone; William Elmore, individually and in his capacity as a Manager and Investment Advisor with Oppenheimer and Co.; Oppenheimer Holdings, Inc.; Oppenheimer & Co., Inc.; Albert G. Lowenthal, individually and in his capacity as CEO and a Director of Oppenheimer Holdings, Inc.; Carol-Lisa Phillips, individually and in her capacity as a Judge in the Broward County Court; Milton Hirsch, individually and in his capacity as a Judge in the Dade County Court; and Jimmy Patronis, individually and in his capacity as Florida's Chief Financial Officer, <br><br> Defendants. | C/A No.: 3:20-1290-JMC-SVH <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> REPORT AND <br> RECOMMENDATION |

Barbara Stone ("Stone"), Robert Sarhan ("Sarhan"), and Lesa M. Martino ("Martino") (collectively, "Plaintiffs"), proceeding pro se, bring this action alleging they have suffered harm due to an "an organized racketeering enterprise." Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such pleadings for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge transfer this action because venue is not proper.

I.  Factual and Procedural Background

Plaintiffs, all Florida residents, present their case as a challenge to "an organized racketeering enterprise where probate court judges, attorneys and guardians are ruling competent senior citizens incapacitated to strip them of their civil and human rights." [ECF No. 1 at 4; *see also id.* at 9 ("The State of Florida in collusion with and under the auspices of its governor and attorney general, Ron Desantis and Ashley Moody[,] is murdering its citizens and embezzling their assets.")]. Plaintiffs allege that this matter originates from what they have termed the "guardian human trafficking/corruption racket," wherein "the state of Florida steals the life savings and home of its vulnerable citizens in a manufactured, scam court proceeding" and "illegally

2

obtains federal funds to fund this criminal racket." *Id.* at 11.[1]

Stone alleges the following four sets of defendants as participants in this enterprise: (1) the law firm Nelson Mullins Riley & Scarborough, LLP ("NMRS") and associated Florida-based firm Nelson Mullins Broad and Cassel ("NMBC"), as well as various managing partners and shareholders of NMRS and NMBC, all located in South Carolina and Florida ("Nelson defendants");[2] (2) the financial services company Oppenheimer Holding, Inc. ("Oppenheimer"), and related entities, as well as the CEO Albert G. Lowenthal, located in New York, and investment advisor William Elmore ("Elmore"), located in Florida ("Oppenheimer defendants"); (3) Florida officials: Governor Ronald Desantis ("Desantis"), Attorney General Ashley Moody ("Moody"), Chief Financial Officer Jimmy Patronis, as well as two Florida judges, Carol-Lisa Phillips ("Phillips") and Milton Hirsch ("Hirsch"); and (4) Alan Stone, Stone's brother, located in Florida (collectively, "Defendants"). Sarhan and Martino bring claims solely against Desantis and Moody, who are termed "Florida Public State Actor Defendants" in Plaintiffs' complaint. *Id.* at 3.

---

[1] Plaintiffs allege this "guardian human trafficking/corruption racket" is not limited to Florida. [*See, e.g.*, ECF No. 1 at 4–9]. However, Plaintiffs allegations as to their and Defendants' involvement in this enterprise solely concern events that occurred in Florida. *See id.*

[2] Although Plaintiffs identify whether a given individual Nelson defendant is in Florida or South Carolina, all are alleged to be managing partners and/or

Plaintiffs' contentions stem from legal actions and litigation that have occurred in Florida, beginning with guardianship proceedings as to one of each of Plaintiffs' parents. *See id.* at 16–20.

More specifically, Stone alleges that she filed for guardianship of her mother to protect her from abuse and financial exploitation by her brother, Alan Stone. *Id.* at 16. Stone alleges her mother was subjected to "horrific conditions," resulting in her death, and, thereafter, Stone became involved in multiple Florida-based litigations concerning her mother's treatment, allegedly resulting, in part, with Stone's law license being taken from her and her repeated arrest. *Id.*; *see also id.* at 41–52. Stone alleges judges Phillips and Hirsch, both located in the Southern District of Florida, presided over these litigations, including the guardianship proceedings. *Id.* at 2–3, 42–43, 51.[3]

Martino alleges her father was being financially exploited by her sibling, and she thereafter placed her father in guardianship, transferring him from Hillsborough County to Pinellas County, Florida, both located in

---

shareholders with both NMRS and NMBC. [*See* ECF No. 1 at 1–2].

[3] The court may take judicial notice of the locations of judicial districts. *See, e.g., United States v. Wilkerson*, 444 F. App'x 708, 709 (4th Cir. 2011) (citing *United States v. Kelly*, 535 F.3d 1229, 1235–36 (10th Cir. 2008)) (holding as "an appropriate subject for judicial notice" judicial notice of the fact that the city of Richmond is located in the Eastern District of Virginia); *see also Consol. Insured Benefits, Inc. v. Conseco Med. Ins. Co.*, C/A No. 6:03-3211-RBG, 2006 WL 2864425, at *2 n.3 (D.S.C. Oct. 4, 2006).

the Middle District of Florida. [ECF No. 1 at 18; ECF No. 1-2 at 40]. Martino alleges her father was also subject to abuse during his guardianship, she has been threatened with arrest, and her home has been seized due to an allegedly illegal judgment. [ECF No. 1 at 19; *see also id.* at 81].

Sarhan alleges his mother was also subject to abuse during her guardianship, resulting in her death and Sarhan himself losing his home "to a fraudulent foreclosure." [ECF No. 1 at 20; *see also id.* at 84–85]. Sarhan previously challenged his mother's guardianship in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County, Florida, located in the Southern District of Florida. [*See* ECF No. 1-2 at 53].

Plaintiffs assert claims under the Racketeer Influenced and Corrupt Organization ("RICO") Act, 18 U.S.C. § 1961 *et seq.*, as well as claims for "discrimination and retaliation in violation of Americans with Disability Act," ("ADA"), 42 U.S.C. § 12101 *et seq.*, and "deprivation of rights under color of law."[4] Additionally, Stone brings claims for negligence, loss of familial association and interference with constitutionally-protected associations, wrongful death, breach of fiduciary duty, ipso facto liability, legal malpractice, unjust enrichment, fraud in the inducement, intentional infliction of emotional distress, abuse of process, and malicious prosecution.

---

[4] Plaintiffs' RICO and ADA claims are against all Defendants. [*See, e.g.*, ECF No. 1 at 60–61, 72–73]. Plaintiffs' claims for "deprivation of rights under color

[ECF No. 1 at 36–37; *see also id.* at 52–81 (Stone's grounds for relief); *id.* at 81–84 (Martino's grounds for relief); *id.* at 85–88 (Sarhan's grounds for relief)]. Plaintiffs seek damages and prospective relief, including the investigation and arrest of Defendants. *See, e.g., id.* at 37, 71.

II.   Discussion

   A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint. Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Fed. R. Civ. P. 8 for "all civil

---

of law are brought against Desantis and Moody only. *Id.* at 65, 82–83, 86.

actions"). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous. *Ross v. Baron*, 493 Fed. App'x 405, 406 (4th Cir. 2012) (per curiam).

B.   Analysis

Venue is improper in this district. The court has the power to consider sua sponte whether venue is proper at this stage of litigation. *See Jensen v. Klayman*, 115 Fed. App'x 634, 635–36 (4th Cir. 2004) (per curiam); *Harmon v. Sussex Cnty.*, No. C/A 4:17-2931-RBH-TER, 2017 WL 6506396, at *2 (D.S.C. Nov. 13, 2017) (recommending transfer of venue at initial-review stage of fee-paid civil action), report and recommendation adopted, 2017 WL 6498165 (Dec. 19, 2017); *Yates v. State Farm Cas. & Fire*, C/A No. 4118-00179-BHH-KDW, 2018 WL 6928735, at *1 (D.S.C. Feb. 21, 2018) (same),

report and recommendation adopted sub nom. *Yates v. State Farm Cas.*, C/A No. 4:18-00179-DCC, 2019 WL 95170 (D.S.C. Jan. 3, 2019).[5]

The general venue statute provides where this action may be brought and states as follows:

> Venue in general—A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b) (West).

Here, review of Plaintiffs' allegations reveals that none of the venue requisites in § 1391 has been met. The majority of defendants named in this

---

[5] Plaintiffs have stated in their complaint that they "do not recognize the jurisdiction of any magistrate judge and object and do not consent to a magistrate judge nor any involvement by a magistrate whatsoever in this matter." [ECF No. 1 at 93; *see also* ECF No. 4]. However, as stated above, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), established procedures of this court, and the case law cited above, the undersigned is authorized to review Plaintiffs' pleadings for relief and submit findings and recommendations to the district judge. For these same reasons and pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned has denied

action reside in Florida, and there is no connection between this district and the allegations found in Plaintiffs' complaint. None of the events giving rise to Plaintiffs' claims occurred in this district. All of Plaintiffs' claims relate to events, mostly of a legal nature, that happened in Florida, primarily the Southern District of Florida.[6]

Here, venue and jurisdiction in the Southern District of Florida are proper as to Defendants. First, as stated above, the Southern District of Florida is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C.A. § 1391(b)(2) (West). Additionally, the Southern District of Florida would have personal jurisdiction over all in-state residents and, also, out-of-state residents pursuant to the RICO venue provision, 18 U.S.C.A. § 1965, and pendent personal jurisdiction.[7] *See, e.g.*, *Koch v. Royal Wine Merchants, Ltd.*, 847 F.

---

Plaintiffs' "motion not to assign a magistrate judge." [ECF No. 4].

[6] Although Stone names as individual Nelson defendants five managing partners and shareholders, all stated to be located in South Carolina, and one individual Oppenheimer defendant, stated to be located in New York, [ECF No. 1 at 1–3], no mention of these defendants is made in Plaintiffs' 96-page complaint. Likewise, although Stone names NMRS and various Oppenheimer entities as defendants, also located in South Carolina and New York, respectively, all references made to actions taken by these entities are through what appear to be their associated Florida entities, and through, specifically, defendants Mark F. Raymond, Carl Rosen, and Elmore, all of whom are located in Florida. *See id.* In short, Plaintiffs fail to allege any action or inaction specific to these non-Florida defendants.

[7] The RICO venue provision provides as follows:
    (a) Any civil action or proceeding under this chapter against any

Supp. 2d 1370, 1374–75 (S.D. Fla. 2012) ("The [Eleventh Circuit] held that a federal district court in Florida, presented with a RICO claim, had personal jurisdiction over non-Florida entities under RICO's nationwide service of process provision."); In re Takata Airbag Prod. Liab. Litig., 396 F. Supp. 3d 1101, 1168 (S.D. Fla. 2019) (citing Prou v. Giarla, 62 F. Supp. 3d 1365, 1374 (S.D. Fla. 2014)) ("Had Plaintiff properly pled his Federal RICO claims, the Court would have been able to exercise personal jurisdiction over his remaining state law claims . . . under the doctrine of pendent personal jurisdiction."); see also LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 526 (4th Cir. 1987) (holding that the law of state of transferee

---

person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.
(b) In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

18 U.S.C.A. § 1965 (West). To the extent Plaintiffs argue that the "ends of justice" provides for proper venue in this district, [see ECF No. 1 at 34 n.53], the court rejects this argument. The ends of justice require that the instant action be brought in the Southern District of Florida, where the majority of Defendants are located as well as all evidence and witnesses, instead of this district, where a limited number of Defendants are located and who are only named in the caption of Plaintiffs' complaint and not referenced thereafter. See Sadighi v. Daghighfekr, 36 F. Supp. 2d 267, 277 (D.S.C. 1999) (citing Magic Toyota, Inc. v. Southeast Toyota Distribs., Inc., 784 F.Supp. 306, 312 (D.S.C. 1992)) ("venue appears to be proper in Florida against both sets of Defendants because a substantial part of the events underlying the RICO

district court, rather than law of state of transferor district court, governed action in which transfer of venue was required).[8]

---

claim against each allegedly took place in that state").

[8] "Traditionally, venue must be appropriate for each claim," *Sadighi*, 36 F. Supp. 2d at 275, and Stone additionally brings ADA claims against all Defendants, claims not addressed above. [ECF No. 1 at 72]. It is unclear if the Southern District of Florida would have personal jurisdiction over the non-Florida Defendants regarding this claim. However, for multiple reasons, transfer of this case is still warranted. First, as noted, Plaintiffs include non-Florida Defendants in the caption of their complaint only and do not specifically reference them again, including in connection with this claim. Second, "courts may, in their discretion, transfer a case and 'leav[e] a complicated jurisdictional dispute [for] the transferee court, which is in the best position to apply its forum state's long-arm statute.'" *Fredriksson v. Sikorsky Aircraft Corp.*, No. 07 CV 0214 (ILG), 2008 WL 752469, at *4 (E.D.N.Y. Mar. 19, 2008) (citing *Int'l Flavors & Fragrances Inc. v. Van Eeghen Int'l B.V.*, 06 Civ. 490 (JFK), 2006 WL 1876671, at *8 (S.D.N.Y. July 6, 2006) (collecting cases); *Jennings v. Entre Computer Centers, Inc.*, 660 F. Supp. 712, 716 (D. Me. 1987) ("This Court will thus assume, without deciding, that this entire action could have been brought in the Virginia court and will order the action transferred there under 28 U.S.C. § 1406(a). That court may then determine the propriety of exercising personal jurisdiction over Company, Century, and Idanta."). Third, both this court and the Southern District of Florida have wide discretion to sever and transfer or sever and dismiss as the need arises or based on additional evidence. *See, e.g.*, 14D Wright & Miller, Federal Practice and Procedure, § 3827 (2020) ("If venue is proper for some defendants but improper for others, the district court has wide discretion," including "retain[ing] the case as to those defendants who have been properly sued there and sever and transfer the portion of the case for those defendants for whom venue is improper or dismiss the action as to those defendants"); *Leskinen v. Halsey*, No. 2:10-CV-03363 MCE, 2011 WL 4056121, at *8 (E.D. Cal. Sept. 12, 2011) (citing *Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 531 (7th Cir.2002)) ("If this case is transferred and the assigned judges of the United States District Court for the Eastern District of New York disagree with this court's assessment of the exercise of personal jurisdiction . . . they may sever the Whitman defendants from the action and dismiss those defendants or transfer those defendants to a court or courts that may exercise personal jurisdiction over those

When a matter is filed in the wrong district, the court "shall dismiss, or, if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, in the interest of justice, this matter should be transferred to the Southern District of Florida.[9] Transfer, rather than dismissal, is more appropriate in this case, particularly given Plaintiffs' pro se status. Furthermore, transferring the case is in keeping with the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds. *See Goldlawr v. Heiman*, 369 U.S. 463, 466–67 (1962); *Porter v. Groat*, 840 F.2d 255 (4th Cir. 1988).[10]

---

defendants."). As stated by the Second Circuit, without such discretion, "a plaintiff could preclude the court from considering whether transfer would serve the interest of justice by including a defendant, not subject to suit in the more convenient district, who was in some manner peripherally involved in the alleged wrongdoing." *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968); *see also City of Virginia Beach, Va. v. Roanoke River Basin Ass'n*, 776 F.2d 484, 489 (4th Cir. 1985). As discussed more below, Plaintiffs will receive an opportunity to object to this report and recommendation, and the district judge will render a final decision on transfer thereafter.

[9] Because venue is improper by statute, Plaintiffs' choice of venue is almost immaterial to the analysis, and under 28 U.S.C. § 1406(a), if Plaintiffs desire to maintain their action, transfer is virtually mandated. *See Blevins v. Pension Plan*, C/A No. 6:10-03261-JMC, 2011 WL 2670590, at *7 (D.S.C. July 8, 2011).

[10] Although Plaintiffs repeatedly state that they are unable to receive a "fair, unbiased and prejudice-free process" in Florida [*see, e.g.*, ECF No. 1 at 68, 77, 84, 88], these assertions are irrelevant to the court's decisions related to venue and transfer. Plaintiffs' unsupported assertions do not make this

### III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends this case be transferred because venue is not proper. Because the court raised the issue of transfer of venue sua sponte, pursuant to *Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986), Plaintiffs must be given an opportunity to be heard before a final decision on transfer is rendered. *See also Magic Toyota, Inc.*, 784 F. Supp. at 321; *Sadighi*, 36 F. Supp. 2d at 278. Plaintiffs' opportunity to file timely objections to this Report and Recommendation is considered to be the required opportunity to be heard under *Feller* before a final decision on transfer is rendered by the district judge. *See, e.g., Harmon*, 2017 WL 6506396, at *2 n.1.

IT IS SO RECOMMENDED.

*/s/ Shiva V. Hodges*

April 17, 2020  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

district the proper venue for this case.

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).