**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Barbara Stone, Robert Sarhan, and Lesa M. Martino, )<br><br>Plaintiffs, )<br><br>v. )<br><br>Nelson Mullins Riley & Scarborough, LLP; James K. Lehman, William C. Hubbard, George B. Wolfe, Trey Gowdy, David Wilkins, Mark F. Raymond, Carl Rosen, Douglas E. Starcher, and C. David Brown, II, individually and in their capacities as shareholders and managing partners with Nelson Mullins Riley & Scarborough, LLP and Nelson Mullins Broad and Cassel LLP; Ronald Desantis, individually and in his capacity as Governor of the State of Florida; Ashley Moody, individually and in her capacity as Attorney General of the State of Florida; Alan Stone; William Elmore, individually and in his capacity as a Manager and Investment Advisor with Oppenheimer and Co.; Oppenheimer Holdings, Inc.; Oppenheimer & Co., Inc.; Albert G. Lowenthal, individually and in his capacity as CEO and a Director of Oppenheimer Holdings, Inc.; Carol-Lisa Phillips, individually and in her capacity as a Judge in the Broward County Court; Milton Hirsch, individually and in his capacity as a Judge in the Dade County Court; and Jimmy Patronis, individually and in his capacity as Florida's Chief Financial Officer; Shiva V. Hodges, individually and in her capacity as a Magistrate Judge in the U.S. District Court of South Carolina, )<br><br>Defendants. ) | Civil Action No.: 3:20-cv-01290-JMC<br><br>**ORDER AND OPINION** |

This matter is before the court pursuant to Plaintiffs Barbara Stone, Robert Sarhan, and Lesa M. Martino's (collectively "Plaintiffs") *pro se* action alleging they have suffered harm due to an "organized racketeering enterprise." (ECF No. 1.) Pursuant to 28 U.S.C. § 636(b)(1) and District of South Carolina Local Civil Rule 73.02, the matter was referred to the United States Magistrate Judge for pre-trial handling.[1] On April 17, 2020, the Magistrate Judge issued a Report and Recommendation ("Report") (ECF No. 8) recommending that Plaintiffs' action be transferred to the Southern District of Florida because venue is not proper in the District of South Carolina. This court has conducted a *de novo* review of the issues in this case and concludes, for reasons set forth herein, the Magistrate Judge has properly applied the applicable law. Thus, this court **ACCEPTS** the Magistrate Judge's Report and thereby **TRANSFERS** venue to the Southern District of Florida.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

The court recites only the facts which are relevant to the analysis of Plaintiffs' Objections.

Plaintiffs, as Florida residents, allege in their action "an organized racketeering enterprise where probate court judges, attorneys, and guardians are ruling competent senior citizens incapacitated to strip them of their civil and human rights." (ECF No. 1 at 4.) In turn, Plaintiffs claim to be victims of the crimes committed by these organized crime rackets taking place in state and federal courts "by lawless corrupt state and federal judges and attorneys in collusion with other state and federal government officials." (*Id.* at 5.)

The origins of this action began with individual litigation in Florida courts which centers

---

[1] In their initial filings, Plaintiffs specifically objected to the matter being assigned to a Magistrate Judge. (*See* ECF No. 4.) However, in the District of South Carolina, "[a]ll pretrial proceedings involving litigation by individuals proceeding *pro se*" are automatically assigned to a Magistrate Judge pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.).

around guardianship proceedings involving a parent of each Plaintiff. (*Id.* at 16–20.)  Plaintiffs collectively assert their claims under the Racketeer Influenced and Corrupt Organization ("RICO") Act, 18 U.S.C. §§ 1961–1968, as well as claims for "discrimination and retaliation in violation of Americans with Disability Act, 42 U.S.C. § 12101–12213, and "deprivation of rights under color of law." (*Id.* at 60–62, 72–73.)  Each Plaintiff seeks relief on individual grounds (*id.* at 52–81, 81–84, 85–88), as well as collective damages and relief, including investigation and arrest of Defendants. (*See id.* at 37, 71.)

Four sets of Defendants are alleged by Plaintiffs to participate in this enterprise:  (1) the law firm Nelson Mullins Riley & Scarborough, LLP ("NMRS") and associated Florida-based firm Nelson Mullins Broad and Cassel ("NMBC"), as well as various managing partners and shareholders of NMRS and NMBC, all located in South Carolina and Florida; (2) the financial services company Oppenheimer Holding, Inc. ("Oppenheimer"), and related entities, as well as the CEO Albert G. Lowenthal, located in New York, and investment advisor William Elmore, located in Florida ("Oppenheimer Defendants"); (3) Florida officials: Governor Ronald Desantis ("Desantis"), Attorney General Ashley Moody ("Moody"), Chief Financial Officer Jimmy Patronis, as well as two Florida judges, Carol-Lisa Phillips and Milton Hirsch; and (4) Alan Stone, Plaintiff Stone's brother, located in Florida and whom was involved in Stone's previous litigation (collectively, "Defendants").  Plaintiffs Sarhan and Martino bring claims solely against Desantis and Moody, who are termed "Florida Public State Actor Defendants" in Plaintiffs' Complaint. (*Id.* at 1–3.)

The Magistrate Judge issued a Report on April 17, 2020, determining that venue was not appropriate in this District and recommended a transfer of venue to the Southern District of Florida. (ECF No. 8.)  Plaintiffs filed a timely Objection to the Report on April 30, 2020, (ECF No. 10),

3

which alleged the Report to be void because Plaintiffs amended their Complaint to include Magistrate Judge Shiva V. Hodges as Defendant in their action, (ECF No. 11).  In the Amended Complaint, filed on May 11, 2020, Plaintiffs requested a disqualification of "all judges in the United States District Court of South Carolina, as well as a transfer of venue to a district "wherein there are no judges with connections to any of the defendants; there are no judges who are members of the Florida bar; and which district judges do not fall within the appellate jurisdiction of the 4th Circuit."[2]  (ECF No. 11 at 1.)

## II.   STANDARD OF REVIEW

The court conducts a careful review of the record that the factual and procedural determination of the Magistrate Judge's Report is accurate, and the court adopts this summary as its own.  (ECF No. 8.)

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made.  *Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Because Plaintiffs are *pro se* litigants, the court is required to liberally construe their arguments.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim.

---

[2] On May 11, 2020, and June 2, 2020, Plaintiffs filed separate "Motion[s] to Disqualify All Judges in the United States District Court of South Carolina and Transfer the Matter to Another United States District Court . . . ."  (*See* ECF Nos. 14, 17.)

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous. *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (per curiam).

### III.    ANALYSIS

While Plaintiffs do not address the substance of the Magistrate Judge's Report in their filed Objection (ECF No. 10), they do address the issue of venue in their subsequent Amended Complaint (ECF No. 11).  For this reason, the court will construe Plaintiffs' Amended Complaint as an Objection per the liberal construction requirement afforded to *pro se* Plaintiffs.  *Gordon*, 574 F.2d at 1151.

Because this suit arises from events occurring in Florida and Defendants are connected to Florida, venue is improper in this district.

Venue in general—A civil action may be brought—

(1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's person jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." *Id.*  "Whether a case should be transferred to an alternative

venue rests within the sound discretion of the district court." *Sw. Equip., Inc. v. Stoner & Co., Inc.*, C/A No. 6:10-1765-HMH, 2010 WL 4484012, at *2 (D.S.C. Nov. 1, 2010) (citing *In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984)). A district court must "engage in an 'individualized case-by-case consideration of convenience and fairness [ ]'" when considering a motion to transfer. *Id.* (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)); *see also Avant v. Travelers Ins. Co.*, 668 F. Supp. 509, 510 (D.S.C. 1987) ("Generally, the test of whether an action should be transferred to another jurisdiction is one of balancing convenience"). When undertaking this individualized analysis, courts weigh the following factors: (1) the ease of access to the sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of the witnesses; (4) the availability of compulsory process; (5) the possibility of a view [of the premises] by the jury; (6) the interest in having local controversies decided at home; and (7) the interest of justice. *Id.* (citing *Landers v. Dawson Constr. Plant, Ltd.*, Nos. 98-2709, 98-2763, 1999 WL 991419, at *2 (4th Cir. Nov. 2, 1999)).

Plaintiffs have requested a venue which Defendants have no connection to (ECF No. 11), but their request runs contrary to the rationale for requiring personal jurisdiction. The purpose of personal jurisdiction is to afford Plaintiffs the optimal venue in which their case may be ultimately decided on its substantive merits. The Southern District of Florida is the most appropriate venue for the case at hand because the legal events from which this action arises occurred in Florida. The Southern District of Florida would most likely (1) have access to witnesses related to the events; (2) have access to relevant evidence; and (3) be equipped to apply Florida law to Plaintiff Stone's claims for wrongful death, legal malpractice, fraud, and other state-law claims. Moreover, the Southern District of Florida would have personal jurisdiction over Defendants who are Florida residents, as well as the out-of-state residents pursuant to the RICO venue provision, 18 U.S.C. §

6

1965, and pendent personal jurisdiction: "When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction." *Koch v. Royal Wine Merchants, Ltd.*, 847 F. Supp. 2d 1370, 1374 (S.D. Fla. 2012) (quoting *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997).

While Plaintiffs have named Defendants who are alleged to be residents of South Carolina, there is no mention of these Defendants in Plaintiffs' 96-page complaint. (ECF No. 1.)  In addition, while the Complaint names NMRS and various Oppenheimer entities as Defendants located in South Carolina and New York, all references to these parties are in context of their connections to Florida. (*Id.*)

Given Plaintiffs' *pro se* status, transfer, rather than dismissal, is more appropriate when considering the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds. *See Goldlawr v. Heiman*, 396 U.S. 463, 466–67 (1962); *Porter v. Groat*, 840 F.2d 255, 258 (4th Cir. 1988).

## IV.    CONCLUSION

Accordingly, the Magistrate Judge was correct in determining that the Southern District of Florida is the appropriate venue for this action.  Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge, (ECF No. 8), and **TRANSFERS** venue to the Southern District of Florida.  Plaintiffs' objection and construed objection (ECF Nos. 10, 11) are **OVERRULED**.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Judge

June 5, 2020
Columbia, South Carolina

7