United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Barbara Stone, Plaintiff, )<br>)<br>v. )<br>)<br>) Civil Action No. 20-22346-Civ-Scola<br>Nelson Mullins Riley & )<br>Scarborough LLP and others, )<br>Defendants. ) | |

### Order Dismissing Case

This matter is before the Court on an independent review of the record. The Court **dismisses this case** because (1) the Plaintiff has been enjoined from making any future filings without first obtaining judicial permission and (2) the Complaint is patently frivolous.

**1. Background**

The Plaintiff Barbara Stone initiated this action on April 3, 2020 against a number of Defendants including Florida Governor Ron Desantis, Florida Attorney General Ashley Moody, a Miami-Dade County Judge, and a Broward County Judge, in the District of South Carolina. The United States District Court for the District of South Carolina transferred the case to the Southern District of Florida on June 8, 2020. (*See* ECF No. 20.)

Stone brings counts for negligence, loss of familial association, wrongful death, several racketeering counts, violations of the Americans with Disabilities Act, § 1983 violations, breach of fiduciary duty, legal malpractice, unjust enrichment, intentional infliction of emotional distress, abuse of process, malicious prosecution, and more. (*See* Complaint, ECF No. 1.) Stone's rambling 96-page Complaint is titled as follows:

**THIS UNPRECEDENTED CASE IS THE SINGLEMOST URGENT AND IMPORTANT
MATTER IN AMERICA AND AN URGENT WAKE-UP CALL TO
AN ORGANIZED RACKETEERING ENTERPRISE WHERE
PROBATE COURT JUDGES, ATTORNEYS, AND GUARDIANS
ARE RULING COMPETENT SENIOR CITIZENS INCAPACITATED TO
STRIP THEM OF THEIR CIVIL AND HUMAN RIGHTS
SO THEY CAN'T FIGHT BACK;
THEN STEALING THEIR ENTIRE ESTATES:
LIFE SAVINGS; GENERATION OF ASSETS; 401KS; SOCIAL SECURITY;
PENSION FUNDS; JEWELRY; ART; CARS; HOMES; INVESTMENTS
AND ONCE THEIR ASSETS ARE EMBEZZELED AND STOLEN,**

**THESE VULNERABLE ADULTS
ARE PUT ON HIGH DOSES OF TOXIC PSYCHOTROPIC MEDICATION
TO CAUSE THEIR SUDDEN CARDIAC DEATH
THIS IS A PANDEMIC CRISES, A NATIONAL DISASTER THAT SURPASSES
CORONA**

(*Id.* at 1.)[1] Generally, her Complaint accuses a number of judges, attorneys, and others of forming a racketeering enterprise that steals from and eventually murders senior citizens, all under the guise of guardianship proceedings. (*Id.*) She calls Florida's guardianship framework a "murder-for-hire racket" and a "Nazi-derived enterprise." (*Id.* at 26, 28.) Stone filed an Amended Complaint, which is clearly intended as a supplement to the original Complaint. The Amended Complaint explains that "[t]he Complaint is amended to add Shiva Hodges"[2] and only details her claims against Judge Shiva Hodges—without restating any of the allegations in her original Complaint. (ECF No. 11.)

On June 25, 2020, United States District Court Judge Joan A. Lenard found the Plaintiff Barbara Stone to be a vexatious litigant and enjoined her from making future filings without first obtaining judicial permission. *Roy R. Lustig v. Barbara Stone*, Case No. 15-cv-20150, ECF No. 228 (S.D. Fla. June 25, 2020). Her order sets out eighteen separate federal cases "in which Stone has, in some way, challenged her mother's guardianship proceedings and/or disparaged Roy Lustig," an attorney involved in her mother's guardianship proceedings. *Id.* at 21-38 (discussing each of the eighteen cases). Notably, in one of those cases, this Court described Stone's claims as "fantastical and delusional" and sua sponte dismissed the Complaint as frivolous, duplicative, and for failing to state a claim. *Stone v. Scott*, Case No. 14-23318 (S.D. Fla. Sept. 8, 2014) (Scola, J.).

**2. Legal Standard**

Stone is a *pro se* litigant. Under 28 U.S.C. § 1915(e)(2), "the court shall dismiss the case at any time if the court determines that. . . the action . . . (i) is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (2006). Moreover, "a district court has the inherent authority to dismiss a patently frivolous complaint." *Cuyler v. Aurora Loan Services, LLC*,

---

[1] The typeface is bold and capitalized in the Complaint.
[2] United States Magistrate Judge Shiva V. Hodges is a magistrate judge in the District of South Carolina. Judge Hodges issued a report and recommendation, recommending that the case be transferred to the Southern District of Florida. After she issued the R&R, Stone amended her Complaint to add Judge Hodges as a Defendant in this case, alleging that she is part of the conspiracy.

2012 WL 10488184, at *2 (11th Cir. Dec. 3, 2012). "A complaint is frivolous where it lacks an arguable basis either in law or in fact." *Guthrie v. U.S. Government*, No. 17-80390, 2017 WL 5479877, at *2 (S.D. Fla. March 31, 2017) (Middlebrooks, J.) (citations and quotations omitted).

*Pro se* complaints are held to "'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1979) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). However, "the leniency afforded *pro se* litigants does not give courts license to serve as de facto counsel or to rewrite an otherwise deficient pleading in order to sustain an action." *Shuler v. Ingram & Associates*, 441 F. App'x 712, 721 (11th Cir. 2011) (citation omitted). Furthermore, *pro se* litigants must still follow a court's procedural rules. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

### 3. Discussion

The Court dismisses Stone's case for two independent reasons. First, Judge Lenard enjoined Stone from making future filings without permission of the Court, and this Court declines to give its permission to allow Stone to make future filings in this case. Judge Lenard directed Stone to file her order in every pending federal case, "so that those Courts may decide whether they wish to enforce the injunction."[3] Case No. 15-cv-20150, ECF No. 228 at 53-54. In other words, Stone cannot make any future filings in this case without the Court's permission. According to her injunction, "[g]rounds for denying Stone leave to make a proposed filing include, but are not limited to, filings that are deemed to be repetitive, duplicative, vexatious, incoherent, harassing, scandalous, and/or pertaining to issues already decided by the Court." *Id.* at 52. All of those grounds pertain to the Complaint in this case. Therefore, the Court does not grant Stone permission to continue to make filings in this matter and litigate this case. *See Martin-Trigona v. Shaw*, 986 F.2d 1384, 1388 (11th Cir. 1993) ("dismissal of a complaint with prejudice is an appropriate means to enforce violations of such injunctions.").

Second, Stone's Complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2). According to the United States Supreme Court, a complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*,

---

[3] Stone was given 30 days to file Judge Lenard's injunction in this case. Nothing in this Order prevents Stone from complying with Judge Lenard's order, and she may file Judge Lenard's order in this case as required.

490 U.S. 319, 325 (1989) (discussing dismissals under former section 1915(d), which contained the same language as current section 1915(e)(2)(B)(i)). A court may dismiss claims under section 1915(e)(2)(B)(i) where the claims rest on an indisputably meritless legal theory or are comprised of factual contentions that are clearly baseless. *Id.* at 327. Claims detailing fantastic or delusional scenarios fit into the factually baseless category. *Id.* at 327-28.

Here, her allegations that politicians, judges, and lawyers are conspiring to steal from and murder senior citizens and disabled citizens through Florida's guardianship proceedings are fantastic and delusional. Moreover, her allegations are similar to previous allegations from her prior suits alleging misconduct against judges and politicians that were dismissed sua sponte. *See, e.g.*, *Stone v. Hertz*, Case No. 14-cv-21776 (S.D. Fla. May 14, 2014) (Williams, J.) (challenges the guardship proceedings, accuses all of those involved of wrongdoing, and compares her mother's guardianship to the Holocaust); *Stone v. Scott*, Case No. 14-cv-23318 (S.D. Fla. Sept. 8, 2014) (Scola, J.) (Stone claims the Defendants conspired against her and her mother in violation of their civil rights, and the Plaintiff also claims that a federal statute prohibiting genocide was violated); *Stone v. Brennan*, Case No. 15-cv-20810 (S.D. Fla. Feb. 27, 2015) (Altonaga, J.) (the Plaintiff claims that an assistant state attorney and judge obstructed justice and engaged in other misconduct, and the Plaintiff again sues under the federal statute prohibiting genocide). Even under the less stringent standard applied to *pro se* litigants, her Complaint must be dismissed because the factual allegations therein are clearly baseless.

As a result, this case is **dismissed**. The Court directs the **Clerk** to **administratively close** this case and to **mail** this order to the address listed below. Any pending motions are **denied as moot**.

**Done and ordered**, in chambers, at Miami, Florida on June 25, 2020.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies to:*
Barbara Stone
19 West Flagler Street Apt. 404
Miami, FL 33130